[Crim. No. 1580.   Third Appellate District.—December 29, 1937.]

THE PEOPLE, Respondent, v. ED BECKER, Appellant.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and Wilmer E. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—This defendant was accused of the crime of burglary and on arraignment entered pleas of not guilty and not guilty by reason of insanity.   On the trial the jury returned a verdict of guilty of burglary in the second degree, and found him sane at the time the offense charged in the information was committed.

The only point presented in appellant's brief is the insufficiency of the evidence to support the verdict of the jury finding defendant sane.

The prosecution called two well-known alienists, one of whom was Doctor Margaret H. Smythe, for many years connected with the Stockton State Hospital as a physician and surgeon, and as superintendent of · that institution for the past seven years.   She testified that at the time she examined the defendant some three or four months after the

commission of the offense, in her opinion the defendant was sane.

Dr. E. M. Wilder, a physician of some 35 years' experience in mental and nervous disorders, also testified that he had examined the defendant and in his opinion the defendant was sane at the time of the commission of the offense. Both alienists stated their reasons in full for their conclusions.

The defendant, in his own behalf, called some six witnesses, being members of his family or personal acquaintances, who testified that in their opinion the defendant was insane and of unsound mind on the day of the commission of the offense and for some time prior thereto.

This testimony, however, merely created a conflict in the evidence which had been considered by the jury, and again by the trial court upon its denial of a motion for a new trial, and it is not the province of an appellate court to weigh the evidence and pass upon the credibility of the evidence. (*People* v. *Rameriz*, 1 Cal. (2d) 559 [36 Pac. (2d) 628].)

In *People* v. *Dugger*, 5 Cal. (2d) 337 [54 Pac. (2d) 707], the court said:

"In said prosecution, where three doctors, including one called by defendant, testified that he was legally sane and that he knew the nature and character or consequences of his acts, the evidence was ample to support the finding of the jury that he was sane when the offenses were committed, and the weight and credibility to be given to the testimony of the several witnesses was within the exclusive province of the jury."

There being no other point urged for reversal, the orders and the judgment appealed from should be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.